Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANINDRA KUMAR, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KULICKE AND SOFFA INDUSTRIES, INC., FUSEN CHEN, and JONATHAN CHOU,<br><br>    Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Manindra Kumar ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding

Kulicke and Soffa Industries, Inc. ("Kulicke and Soffa" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of Kulicke and Soffa from November 16, 2017 through May 10, 2018, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.      Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company conducts business and maintains offices within this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

– 2 –

**PARTIES**

6.      Plaintiff, as set forth in the attached Certification, acquired Kulicke and Soffa securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.      Defendant Kulicke and Soffa designs, manufactures, and sells capital equipment and expendable tools to assemble semiconductor devices. Kulicke and Soffa's headquarters are in Singapore. The Company maintains offices in Santa Ana, California. Kulicke and Soffa securities trade on the NASDAQ under the ticker symbol "KLIC."

8.      Defendant Fusen Chen ("Chen") has been the Company's President and Chief Executive Officer ("CEO") since October 31, 2016. He also serves as a director of the Company.

9.      Defendant Jonathan Chou ("Chou") served as the Company's Chief Financial Officer ("CFO") from December 13, 2010 to November 27, 2017, and Principal Accounting Officer from October 4, 2015 to November 27, 2017. On November 27, 2017, the Company announced that Defendant Chou was stepping down as the Company's Executive Vice President, CFO and Principal Accounting Officer effective immediately but would remain with the Company until February 28, 2018.

10.     Defendants Chen and Chou are sometimes referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

      a.  directly participated in the management of the Company;

      b.  was directly involved in the day-to-day operations of the Company at the highest levels;

      c.  was privy to confidential proprietary information concerning the Company and its business and operations;

– 3 –

d.  was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.  was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f.  was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.  approved or ratified these statements in violation of the federal securities laws.

12.    Kulicke and Soffa is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

13.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Kulicke and Soffa under *respondeat superior* and agency principles.

14.    Defendant Kulicke and Soffa and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.    On November 16, 2017, Kulicke and Soffa filed an annual report on Form 10-K for the fiscal year ended September 30, 2017 (the "2017 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2017 10-K was signed by Defendants Chen and Chou. The 2017 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Chen and Chou attesting to the accuracy of financial

– 4 –

reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

16.     The 2017 10-K stated that the Company recognizes revenue and establishes reserves for warranty expenses in accordance with ASC No. 605, stating in relevant part:

**Revenue Recognition**

In accordance with ASC No. 605, *Revenue Recognition*, we recognize revenue when persuasive evidence of an arrangement exists, delivery has occurred or services have been rendered, the price is fixed or determinable, the collectability is reasonably assured, and customer acceptance, when applicable, has been received or we otherwise have been released from customer acceptance obligations. If terms of the sale provide for a customer acceptance period, revenue is recognized upon the expiration of the acceptance period or customer acceptance, whichever occurs first. Services revenue is generally recognized over the period that the services are provided.

Our business is subject to contingencies related to customer orders, including:

•       *Right of Return*: A large portion of our revenue comes from the sale of machines used in the semiconductor assembly process. Other product sales relate to consumable products, which are sold in high-volume quantities, and are generally maintained at low stock levels at our customer's facility. Customer returns have historically represented a very small percentage of customer sales on an annual basis.

•       *Warranties*: Our equipment is generally shipped with a one-year warranty against manufacturing defects. We establish reserves for estimated warranty expense when revenue for the related equipment is recognized. The reserve for estimated warranty expense is based upon historical experience and management's estimate of future expenses.

•       *Conditions of Acceptance:* Sales of our consumable products generally do not have customer acceptance terms. In certain

– 5 –

cases, sales of our equipment have customer acceptance clauses which may require the equipment to perform in accordance with customer specifications or when installed at the customer's facility. In such cases, if the terms of acceptance are satisfied at our facility prior to shipment, the revenue for the equipment will be recognized upon shipment. If the terms of acceptance are satisfied at our customers' facilities, the revenue for the equipment will not be recognized until acceptance, which is typically obtained after installation and testing, is received from the customer.

17.    The 2017 10-K listed the following Warranty Expenses for the Company for the period, stating in relevant part:

**Warranty Expense**

The Company's equipment is generally shipped with a one-year warranty against manufacturing defects. The Company establishes reserves for estimated warranty expense when revenue for the related equipment is recognized. The reserve for estimated warranty expense is based upon historical experience and management's estimate of future warranty costs.

The following table reflects the reserve for product warranty activity for fiscal 2017, 2016, and 2015:

|  | 2017 | 2016 | 2015 |
|---|---|---|---|
| Reserve for product warranty, beginning of period | $ 4,138 | $1,856 | $1,542 |
| Addition from business combination | — | — | 547 |
| Provision for product warranty | 10,404 | 4,816 | 2,614 |
| Product warranty costs paid | (2,709) | (2,534) | (2,847) |
| Reserve for product warranty, end of period | $11,833 | $4,138 | $1,856 |

**Other Commitments and Contingencies**

The following table reflects obligations not reflected on the Consolidated Balance Sheet as of September 30, 2017:

|  |  | Payments due by fiscal year | | | | |
|---|---|---|---|---|---|---|
| (in thousands) | Total | 2018 | 2019 | 2020 | 2021 | thereafter |

– 6 –

| | | | | | | |
|---|---|---|---|---|---|---|
| Inventory purchase obligation (1) | $106,084 | $106,084 | $  — | $  — | $  — | $  — |
| Operating lease obligations (2) | 19,958 | 3,781 | 2,879 | 2,556 | 1,841 | 8,901 |
| Total | $126,042 | $109,865 | $ 2,879 | $ 2,556 | $ 1,841 | $ 8,901 |

18.    The statements referenced in ¶¶15-17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Kulicke and Soffa's consolidated financial statements for the fiscal year ending September 30, 2017 could no longer be relied upon due to misstated warranty accruals; and (2) as a result, Defendants' public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

19.    On May 10, 2018, after market-close, Kulicke and Soffa issued a press release which disclosed that it would not be filing its Quarterly Report with the SEC in a timely manner due to an investigation into "certain unauthorized transactions by a senior finance employee of the Company" and the discovery that "certain warranty accruals in prior periods had been accounted for incorrectly and therefore [were] misstated." The press release states, in relevant part:

*SINGAPORE - May 10, 2018 -* Kulicke & Soffa Industries, Inc. (NASDAQ: KLIC) ("Kulicke & Soffa", "K&S" or the "Company"), announced today that it will not be filing its Quarterly Report on Form 10-Q with the SEC in a timely manner. *Following the end of the fiscal quarter, the Company learned of certain unauthorized transactions by a senior finance employee of the Company. The Company has undertaken an investigation of these transactions with the assistance of outside advisors. In the course of this investigation, the Company discovered that certain warranty accruals in prior periods had been accounted for incorrectly and therefore misstated. The Board of*

– 7 –

*Directors of the Company has therefore determined that the Company's previously issued consolidated financial statements for the fiscal year ended September 30, 2017 can no longer be relied upon due to the misstated warranty accruals made in prior periods.*

Although the investigation into warranty accruals and other matters is continuing, the Company currently expects that the warranty accrual adjustment for fiscal year 2017, when finalized, would not be materially adverse to the Company. The Company will reschedule the release of its full second fiscal quarter results following the restatement of those financial statements and the closure of its internal and external review process for the second fiscal quarter. Management is currently evaluating the impact of the restatement on the Company's internal control over financial reporting and whether any other prior periods were materially impacted and need to be restated.

(Emphasis added.)

20.     On this news, the Company's shares fell $1.80 or over 7.5% to close at $21.99 on May 11, 2018, damaging investors.

21.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Kulicke and Soffa securities publicly traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

– 8 –

23.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Kulicke and Soffa securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Kulicke and Soffa or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

   a.  whether the federal securities laws were violated by Defendants' acts as alleged herein;

   b.  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Kulicke and Soffa;

   c.  whether the Individual Defendants caused Kulicke and Soffa to issue false and misleading financial statements during the Class Period;

– 9 –

d.  whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

e.  whether the prices of Kulicke and Soffa securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

f.  whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28.  Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a.  Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

b.  the omissions and misrepresentations were material;

c.  Kulicke and Soffa securities are traded in an efficient market;

d.  the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

e.  the Company traded on the NASDAQ and was covered by multiple analysts;

f.  the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

– 10 –

g.  Plaintiff and members of the Class purchased, acquired and/or sold Kulicke and Soffa securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

29.  Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.  Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

31.  Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.  This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33.  During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended

– 11 –

to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Kulicke and Soffa securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Kulicke and Soffa securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

34.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Kulicke and Soffa securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Kulicke and Soffa' finances and business prospects.

35.    By virtue of their positions at Kulicke and Soffa, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

36.    Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order

– 12 –

to personally benefit from the sale of Kulicke and Soffa securities from their personal portfolios.

37.    Kulicke and Soffa showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Kulicke and Soffa, the Individual Defendants had knowledge of the details of Kulicke and Soffa' internal affairs.

38.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Kulicke and Soffa. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Kulicke and Soffa' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Kulicke and Soffa securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Kulicke and Soffa' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Kulicke and Soffa securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

39.    During the Class Period, Kulicke and Soffa securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Kulicke and Soffa

securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Kulicke and Soffa securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Kulicke and Soffa securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

40. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. During the Class Period, the Individual Defendants participated in the operation and management of Kulicke and Soffa, and conducted and participated, directly and indirectly, in the conduct of Kulicke and Soffa' business affairs. Because of their senior positions, they knew the adverse non-public information about Kulicke and Soffa' current financial position and future business prospects.

– 14 –

44.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Kulicke and Soffa' business practices, and to correct promptly any public statements issued by Kulicke and Soffa which had become materially false or misleading.

45.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Kulicke and Soffa disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Kulicke and Soffa to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Kulicke and Soffa within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Kulicke and Soffa securities.

46.     Each of the Individual Defendants, therefore, acted as a controlling person of Kulicke and Soffa. By reason of their senior management positions and/or being directors of Kulicke and Soffa, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Kulicke and Soffa to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Kulicke and Soffa and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

– 15 –

47.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Kulicke and Soffa.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.


Dated: May 11, 2018                    Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**

                                       By: /s/Laurence M. Rosen
                                       Laurence M. Rosen, Esq. (SBN 219683)
                                       355 S. Grand Avenue, Suite 2450
                                       Los Angeles, CA 90071
                                       Telephone: (213) 785-2610
                                       Facsimile: (213) 226-4684
                                       Email: lrosen@rosenlegal.com

                                       Counsel for Plaintiff

– 16 –